| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only)<br><br>FILED |
|---|---|
| **PLAINTIFFS**<br>GARY KURIMSKY | **DEFENDANTS**<br>RESI WHOLE LOAN AV, LLC  2021 JAN 15  A 11: 44<br><br>CLERK U.S. BANKRUPTCY COURT<br>DISTRICT OF CONNECTICUT<br>BRIDGEPORT |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>PRO SE | **ATTORNEYS** (If Known)<br>MCCALLA RAYMER LEIBERT PIERCE LLC<br>50 WESTON ST.<br>HARTFORD, CT 06120 |
| **PARTY** (Check One Box Only)<br>☑ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor     ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

THIS COURT HAS JURISDICTION OVER THIS MATTER AS A CORE PROCEEDING UNDER 28 usc1334 AND 157 AND
THAT CERTAIN ORDER
DATED FEB. 23, 2012 OF THE US BANKRUPTCY COURT, DISTRICT OF CONNECTICUT(attached)

---

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☑ 11 – Recovery of money/property - § 542 turnover of property<br>☑ 12 - Recovery of money/property - § 547 preference<br>13 - Recovery of money/property - § 548 fraudulent transfer<br>14 - Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61 - Dischargeability - § 523(a)(5), domestic support<br>☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury<br>☐ 63 - Dischargeability - § 523(a)(8), student loan<br>☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation<br>    (other than domestic support)<br>☐ 65 - Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21 - Validity, priority or extent of lien or other interest in property | |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h) | **FRBP 7001(7) – Injunctive Relief**<br>☑ 71 - Injunctive relief - reinstatement of stay<br>☐ 72 - Injunctive relief - other |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41 - Objection / revocation of discharge - § 727(c),(d),(e) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81 - Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51 - Revocation of confirmation | **FRBP 7001(9) Declaratory Judgment**<br>☐ 91 – Declaratory judgment |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims<br>☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false<br>    representation, actual fraud<br>☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement,<br>    larceny<br>    **(continued next column)** | **FRBP 7001(10) Determination of Removed Action**<br>☑ 01 - Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et.seq.<br>☑ 02 - Other (e.g. other actions that would have been brought in state<br>    court if unrelated to bankruptcy case) |

| | |
|---|---|
| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☑ Check if a jury trial is demanded in complaint | Demand $ 10,000,000 |

**Other Relief Sought**

   QUIET TITLE

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>**GARY KURIMSKY** | | BANKRUPTCY CASE NO.<br>**21 50021** | |
| DISTRICT IN WHICH CASE IS PENDING<br>**CONNECTICUT** | | DIVISION OFFICE<br>**BRIDGEPORT** | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*Gary Kurimsky* | | | |
| DATE<br><br>*1/15/2021* | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>*Gary Kurimsky* | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re: | : Case No.: |
| GARY KURIMSKY | : Chapter 7 |
|     Debtor | : *21 5 0021* |
| | : |
| GARY KURIMSKY | : |
|     Plaintiff | : |
| v. | : ADVERSARY COMPLAINT |
| | : |
| RESI WHOLE LOAN IV LLC | : |
|     Defendant. | : |
| | : |

JANUARY 14,2021

Comes Now, Plaintiff pro se Gary Kurimsky submits his adversary complaint before the United States Bankruptcy Court for the District of Connecticut, for the violation of the order dated February 23, 2012, the Plaintiff seeks for relief of the Court by bring sanction against RESI WHOLE LOAN IV, LLC successors, and assigns who failed to comply with the order of the Court, thus, cause irreparable equitable harm to the Plaintiff.

## STATEMENT OF CLAIM

Pursuant to the Proposed Order Granting RESI WHOLE LOAN IV, LLC, the Bankruptcy Court Judge granted the proposed order on February 23, 2012, this grant highly favored the Plaintiff with an opportunity to Forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The successors and assigns did not comply with such granted order of the United States District Court Judge. Plaintiff is entitled to relief.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over this matter as a core proceeding under 28 USC 1334 and 157 and that certain Order dated February. 23, 2012 of the U.S. BANKRUPTCY COURT, DISTRICT FOR CONNECTICUT, Gary Kurimsky debtor, SSN# 6486, Case No. 12-50025 filed under Chapter 7 in the United States Bankruptcy Court for the District of Connecticut. This Case invokes the adversary proceeding related to this Chapter 7, pursuant to Fed. R. Bankr. P. 7008. Further, this case was heard in the United States district court, district of Connecticut civil case 3:15cv866(MPS) and on May 16, 2015 the judgement read "all 10 counts belong in bankruptcy court".

## STATEMENT OF FACTS

1.      On January 19, 2012 Plaintiff filed a bankruptcy petition in order to get a discharge for the obligation of debts Plaintiff could not afford while dealing with a financial hardship, while during pending bankruptcy petition the Movant motion the Court for relief from automatic stay under 11 U.S.C. 362 with additional claim under state law and/or permit RESI WHOLE LOAN IV LLC and/or its successors and assigns to contact the Debtor by telephone or written correspondence and, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement" If the Debtor received a Chapter 7 discharge after the Movant's loan was originated, any such agreement shall be non-recourse unless included in a reaffirmation agreement and in the event a Chapter 7 discharge enters, no deficiency judgment will enter without further order of this court.

2.      The Movant or the successors and assigns have not complied to the order of the United States District Judge. The Movant's successors and assigns had assigned the Mortgage/Note by assignment of mortgage to the alleged substitute Plaintiff Avail-1 LLC who claims to be the

party of interest. The real party in interest is the Loan originator CitiMortgage Inc. who arbitrarily assigned the Mortgage/Note by assignment of mortgage.

3.      Executed on September 11, 2010, an Assignment of Mortgage was recorded in the Official Records, Monroe, Connecticut with instrument number 000191 to RESI WHOLE LOAN IV LLC.

A signature purporting to be that of Elizabeth Willard was on the document stating her position as Assistant Vice President of MTGLQ Investors, L.P., by its Attorney-In-Fact, Litton Loan Servicing LP without disclosure of Elizabeth Willard's true employment, nor did she provide an affidavit of truth as to knowledge of the transaction.

4.      Forensic examiner notes recording of Assignment was made approximately 3 years after loan origination. Examiner recommends immediate rescission of document for rightful foreclosure to proceed only to be reinstituted pending production and review of purchase documents (e.g. bills of sale, purchase/sale agreements, verifiable proof of funds, accounting journal entries, and receipts for transfer taxes paid) among relevant parties.

5.      An additional problem with this assignment document is that "RESI Whole Loan IV LLC" receives an assignment from "MTGLQ Investors, L.P., by its Attorney-In-Fact, Litton Loan Servicing LP" without showing any kind of transaction given to them from "CitiMortgage Inc." who received the assignment on previous document from MERS. This is a logical inconsistency further showing the invalidity of this Assignment.

6.      Executed on July 29, 2011, an Assignment of Mortgage was recorded in the Official Records of Monroe, Ct. with instrument number 002434 to RESI WHOLE LOAN IV LLC. A signature purporting to be that of Josh Trussel was on the document stating his position as Assistant Secretary and Vice President of CITIMORTGAGE, INC. without disclosure of Josh Trussel's true employment. Examiner also notes recording of Assignment was made approximately 4 years after

loan origination. Examiner recommends immediate rescission of document for rightful foreclosure to proceed only to be reinstituted pending production and review of purchase documents (e.g. bills of sale, purchase/sale agreements, verifiable proof of funds, accounting journal entries, original note and receipts for transfer taxes paid) among relevant parties.

7.      Executed on September 04, 2013, an Assignment of Mortgage was recorded in the Official Records, Monroe Ct. with instrument number 001583 to GREENWICH INVESTORS XLIII TRUST 2013-1. A signature purporting to be that of Caroline S. Medina was on the document stating her position as Vice President of Stratus Asset Management Group as Attorney-In-Fact for RESI Whole Loan IV LLC without disclosure of Caroline S. Medina's true employment as working as an agent for Assignee and without a power of attorney or legal representation agreement. Examiner also notes recording of Assignment was made approximately 6 years after loan origination.    Examiner recommends immediate rescission of document for rightful foreclosure to proceed only to be reinstituted pending production and review of purchase documents (e.g. bills of sale, purchase/sale agreements, verifiable proof of funds, accounting journal entries, original note and receipts for transfer taxes paid) among relevant parties.

8.      Nate Blackstun or an employee signing for him without disclosure states he is Vice President of MERS. Nate Blackstun does not disclose his true role as an Assignee affiliate employee of CitiMortgage as "Senior Vice President Default Operations". No evidence was found that this was an arms' length transaction "In Consideration of the sum of TEN and 00/00 ($10.00) DOLLARS and Other Good and Valuable Consideration.    Recission is demanded.

9.      Plaintiff contends that MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. as nominee for CITIMORTGAGE INC. whose mailing address is c/o CITIMORTGAGE INC. 1000 Technology Drive, O'Fallon 63368-2240, herein designated as the assignor, for in

consideration of the sum of TEN and 00/00 (10) dollars and other good and valuable consideration, the receipt of which is hereby acknowledged, does hereby grant, bargain, sell, assign, transfer, and set over unto CITIMORTGAGE INC. 1000 Technology Drive, O'Fallon 63368-2240, Paulette Kurimsky & Gary F. Kurimsky, dated August 28, 2007 filed 9/5/2007 and recorded in Official Records, Vol. 1513 Page 019 of the Public Records of the Town of Monroe, Connecticut and encumbering the property more particularly described.

## FIRST CAUSE OF ACTION

10.    Plaintiff realleges all the facts as fore mentioned in paragraphs 1 thru 9 of the statements of facts *supra*, that the Defendant and its successors and assigns actions and each of them engaged in Unfair Business Practices in violation of Connecticut Unfair Insurance Practice Act (CUIPA) section 38(a)-816, and 11(a)(iv) through their tortious conveyance of the Plaintiff's Property rights.

## SECOND CAUSE OF ACTION

11.    Plaintiff realleges all the facts as fore mentioned in paragraphs 1 thru 10 of the statements of facts *supra*, that the Defendants and its successors and assigns and each of them engaged in misrepresentation, misconduct and fraud, pursuant to all applicable law relating to Real Property and Security Agreement, giving Plaintiff grounds to bring an Adversary Complaint to a Court of Competent of Jurisdiction.

## RELIEF DEMAND

Plaintiff's demand for relief is based upon that Defendant, its successors and assigns by which they failed to comply with the granted order of the United States District Court Judge,

Plaintiff further seeks relief to be able to contest standing of the assignment of mortgage to

determine the real party of interest to able Plaintiff to modification, refinance, loss mitigation, or

forbearance agreement and what the Court deems just and proper.

Respectfully Presented

268 Hammertown Road
Monroe, Ct 06468
(203) 261 8577

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
Bridgeport Division

IN RE:
**GARY KURIMSKY**                                    : **CHAPTER 7**
    **DEBTOR**                                       : **CASE NO.** 12-50025

**RESI WHOLE LOAN IV LLC**
    **MOVANT**                                       : **RE: ECF NO.** 15
**VS**
**GARY KURIMSKY**
    **DEBTOR**
**RICHARD M. COAN, TRUSTEE**                         :
    **RESPONDENTS**

### ORDER GRANTING RESI WHOLE LOAN IV LLC RELIEF FROM STAY

After notice on the above-referenced Motion for Relief from Stay, RE: ECF NO.

15:

**IT IS HEREBY ORDERED** that the Automatic Stay of Section 362(a) in the

above-captioned estate is modified to permit RESI WHOLE LOAN IV LLC and/or its

successors and assigns to commence and/or continue and prosecute to resolution a

foreclosure action affecting the Debtor's interest in real property known as **268**

**Hammertown Road, Monroe, Connecticut** in accordance with state law and/or permit

RESI WHOLE LOAN IV LLC and/or its successors and assigns to contact the Debtor by

telephone or written correspondence and, at its option, offer, provide and enter into a

potential forbearance agreement, loan modification, refinance agreement or other loan

workout/loss mitigation agreement. If the Debtor received a Chapter 7 discharge after the

Movant's loan was originated, any such agreement shall be non-recourse unless a

Chapter 7 discharge enters, no deficiency judgment shall be enforced without further

order of this court.

**IT IS FURTHER ORDERED** that the 14 day stay of Fed.R.Bankr.P. 4001(a)(3)

is not applicable so that RESI WHOLE LOAN IV LLC may immediately enforce and

implement this order granting relief from automatic stay.

Dated: February 23, 2012                    By the court

                                            *Alan w. w. Shiff*
                                            Alan H. W. Shiff
                                            United States Bankruptcy Judge

## UNITED STATES DISTRICT COURT

### DISTRICT OF CONNECTICUT

GARY KURIMSKY

CIVIL ACTION NO.: 3:15CV866(MPS)

Vs.

CITIMORTGAGE, INC.;
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.; and
HUNT LEIBERT JACOBSON, P.C.

### JUDGMENT

This action having come on for consideration of the defendants' Motions to Dismiss before

the Honorable Michael P. Shea, United States District Judge, and

The Court having considered the motions and the full record of the case including applicable

principles of law, and having filed its ruling on May 12, 2016 granting the motions; it is hereby

ORDERED, ADJUDGED and DECREED that judgment is entered in favor of the defendants

dismissing the case.

Dated at Hartford, Connecticut, this 16th day of May, 2016.

ROBIN D. TABORA, Clerk

By    /s/ Devorah Johnson
Devorah Johnson
Deputy Clerk

EOD 5/16/16

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **GARY KURIMSKY,**<br>Plaintiff,<br>v.<br>**CITIMORTGAGE, INC., MORTGAGE**<br>**ELECTRONIC REGISTRATION SYSTEMS, INC.,**<br>and **HUNT LEIBERT & JACOBSON, P.C.**<br>Defendants. | No. 3:15cv-866 (MPS) |

**RULING AND ORDER**

Gary Kurimsky, *pro se*, sued CitiMortgage, Inc., Mortgage Electronic Registration Systems, Inc. ("MERS"), and the law firm Hunt Leibert & Jacobson, P.C. Mr. Kurmisky brings the following claims in his ten-count amended complaint: (1) deprivation of constitutional rights under 42 U.S.C. §§ 1983, 1985, and 1986; (2) conspiracy to violate his constitutional rights under 42 U.S.C. §§ 1983 and 1985; (3) fraudulent conversion; (4) fraudulent concealment; (5) fraud in the inducement; (6) fraud upon the court; (7) mail fraud; (8) "refusal or neglect to prevent the deprivation of plaintiff's constitutionally protected rights"; (9) abuse of process; and (10) obstruction of justice and denial of due process.

The defendants have moved to dismiss in separate motions, and I now grant those motions. Because Mr. Kurimsky abandoned his claims to his bankruptcy estate, he lacks standing to bring this suit and I therefore lack jurisdiction.

**I.      Factual Allegations**

*1.      The Plaintiff Purchases His Home*

To purchase his home, Gary Kurimsky signed a contract with CitiMortgage. (Amended Complaint, ECF No. 32 at ¶ 14.) The "contract was bifurcated at the closing of the Mortgage purchasing transaction to Defendant MERS . . . ." (*Id.* at ¶ 15.) "Plaintiff believed he obtained a Mortgage Loan for the purchase of his property with the pledge of his Promissory Note when in

fact, Defendant(s) intended to use Plaintiff's pledge of that Note to unjustly enrich themselves and investors through an international investment scheme on Wall Street to defraud him out of his Mortgage payments and property interest from the very inception of the purchasing transaction." (*Id.* at ¶ 25.) CitiMortgage "bifurcated Plaintiff's Mortgage and Promissory Note by assigning Defendant MERS as 'nominee' of Plaintiff's Title without the corresponding Note . . . ." (*Id.* at ¶ 27.) The plaintiff did not know that CitiMortgage intended to profit by the securitization of his loan. (*Id.* at ¶ 28.) The securitization of his mortgage has had "a negative impact on the marketability and viability of his equitable interests in his property . . . ." (*Id.* at ¶ 97.) The defendants knew or should have known that had the plaintiff known that his mortgage was going to be securitized, he would not have entered into the Mortgage Loan Agreement. (*Id.* at ¶¶ 98–99.)

CitiMortgage "inconspicuously stamped 'Pay to the Order Of' on the back of [the plaintiff's] promissory note without his knowledge and consent." (*Id.* at ¶ 18.) "At no time was Plaintiff made aware of the true nature of the Mortgage Loan Agreement . . . ." (*Id.* at ¶ 21.) He did not know about certain "Financial Incentives Paid," "Existence of Credit Enhancement Agreements," or "Acquisition Provisions." (*Id.* at ¶ 95.)

"Plaintiff was led to believe he obtained a loan for the purpose of purchasing [his home], when in fact [CitiMortgage and Hunt Leibert & Jacobson] and other unknown co-conspirators actually used Plaintiff's very own security instruments to create the funds for which the purchase of his property was made." (*Id.* at ¶ 32.) CitiMortgage never gave any money to the plaintiff. (*Id.* at ¶ 34.) "Plaintiff essentially paid for the purchase of his property through the exchange of his own Security Instruments with Defendant Lender at the closing of the loan transaction." (*Id.* at ¶ 39.)

2

### 2. *CitiMortgage Brings a Foreclosure Action*

Around May 28, 2009, CitiMortgage filed a foreclosure action against the plaintiff in the Connecticut Superior Court. (ECF No. 32 at ¶ 10.) Hunt Leibert & Jacobson represented CitiMortgage in that action. (*Id.* at ¶ 11.) CitiMortgage and Hunt Leibert & Jacobson used counterfeit security instruments to initiate the foreclosure action. (*Id.* at ¶ 43.) On September 6, 2011, the Connecticut Superior Court granted CitiMortgage a judgment of strict foreclosure.[1] Order, *CitiMortgage, Inc. v. Kurimsky*, No. FBT-CV-09-6003098-S (Conn. Super. Sept. 6, 2011).

### 3. *The Plaintiff Files for Bankruptcy*

On January 6, 2012, Mr. Kurimsky filed for bankruptcy. (*See* ECF No. 32 at ¶¶ 46–50); Voluntary Petition at 1, *In re Kurismky*, No. 12-50025 (Bankruptcy D. Conn. Jan. 6, 2012). As part of his bankruptcy petition, Mr. Kurimsky included a list of his liabilities and assets, including personal property. Voluntary Petition at 6–11, *In re Kurismky*, No. 12-50025 (Bankruptcy D. Conn. Jan. 6, 2012). He did not list the claims asserted in this suit.[2] *Id.*

---

[1] After the State court entered a judgment of strict foreclosure, Gary Kurimsky filed a notice of appeal of the superior court's judgment. *See* Appeal to Appellate Court, *CitiMortgage, Inc. v. Kurimsky*, No. FBT-CV-09-6003098-S, (Conn. Super. April 4, 2015). That appeal is pending. Paulette Kurimsky, who is apparently the plaintiff's wife, filed a notice of removal to federal district court on June 5, 2015. *See* Notice of Removal Pursuant to Title 28 U.S.C. § 1446, *CitiMortgage, Inc. v. Kurimsky*, No. FBT-CV-09-6003098-S (Conn. Super. June 5, 2015). The original complaint in this case was attached to the notice of removal. *Id.* This case was docketed as an independent action.

[2] On December 1, 2014, the foreclosure court reset the law days due to a bankruptcy petition. Order, *CitiMortgage, Inc. v. Kurimsky*, No. FBT-CV-09-6003098-S (Conn. Super. December 1, 2014). The law days were to run on April 7, 2015. However, Kurmisky filed an appeal with the Connecticut Appellate Court prior to the extinguishment of his right of equitable redemption. (CitiMortgage, Inc.'s Renewed Motion to Dismiss, ECF No. 11-1 at 3.)

## II.    Legal Standard

A "case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)

when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v.*

*Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011). The "plaintiff asserting subject matter jurisdiction

has the burden of proving by a preponderance of the evidence that it exists." *Luckkett v. Bure*, 290

F.3d 493, 497 (2d Cir. 2002). "In resolving a motion to dismiss for lack of subject matter

jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings."

*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). For example, I may take judicial

notice of public records. *Taylor v. Vermont Dept. of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002).

In evaluating whether a plaintiff has stated a claim for relief under Rule 12(b)(6), I must

"accept as true all factual allegations in the complaint and draw all reasonable inferences" in

plaintiff's favor. *Cruz v. Gomez*, 202 F.3d 593, 596 (2d Cir. 2000). I need not accept conclusory

allegations and may allow the case to proceed only if the complaint pleads "enough facts to state

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007);

*Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (citing *Twombly*, 550 U.S. at 554–55). When a plaintiff

submits a complaint *pro se*, I must construe the allegations liberally, raising "the strongest

arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Even a *pro se*

plaintiff, however, must meet the standard of facial plausibility set forth above. *See Hogan v.*

*Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) ("[A] *pro se* complaint must state a plausible claim for

relief.") (citing *Harris v. Mills*, 572, F.3d 66, 73 (2d Cir. 2009)).

## III.    Discussion

The defendants argue that the plaintiff lacks standing because his claims are owned by the

plaintiff's bankruptcy estate. A claim belongs to the bankruptcy estate—and thus a plaintiff lacks

4

standing to assert it—if the plaintiff possessed the claim before filing for bankruptcy but did not list the claim on his bankruptcy schedule of assets. *See Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008) ("While properly scheduled estate property that has not been administered by the trustee normally returns to the debtor when the bankruptcy court closes the case, undisclosed assets automatically remain property of the estate after the case is closed."); *accord Omotosho v. Freeman Inv. & Loan*, —F. Supp. 3d.—, No. 3:15-CV-622 (AWT), 2016 WL 1072208, at *1–*4 (D. Conn. Mar. 9, 2016) (holding that mortgagor-debtor lacked standing to assert unscheduled claims against mortgage bank, assignor of mortgage, and law firm that represented the bank in a state foreclosure action). "Every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of" the bankruptcy estate. *Chartschlaa*, 538 F.3d at 122 (brackets and citation omitted). This is so because, with some exceptions, filing a petition for bankruptcy creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541(a)(1), which includes "causes of action possessed by the debtor at the time of filing," *In re Jackson*, 593 F.3d 171, 176 (2d Cir. 2010). As part of the bankruptcy proceeding, the debtor creates a schedule of his assets and liabilities. 11 U.S.C. § 521(a)(1)(B)(i). "[A]n unscheduled claim remains the property of the bankruptcy estate . . . ." *Rosenshein v. Kleban*, 918 F. Supp. 98, 102–03 (S.D.N.Y. 1996). Therefore, a "debtor lacks standing to pursue [an unscheduled] claim after emerging from bankruptcy." *Id.*

State law determines whether the debtor had a property interest in a cause of action when he filed for bankruptcy. *Calabrese v. McHugh*, 170 F. Supp. 2d 243, 257 (D. Conn. 2001). "In Connecticut, a cause of action accrues when a plaintiff suffers actionable harm." *Id.* "Actionable harm occurs when the plaintiff discovers or should discover, through the exercise of reasonable

5

care, that he or she has been injured and that the defendant's conduct caused such injury." *Champagne v. Raybestos-Manhattan, Inc.*, 212 Conn. 509, 521 (1989).

Mr. Kurimsky filed for bankruptcy on January 6, 2012. Voluntary Petition at 1, *In re Kurismky*, No. 12-50025 (Bankruptcy D. Conn. Jan. 6, 2012). Therefore, Mr. Kurmisky lacks standing to assert all unscheduled claims in the Amended Complaint that accrued prior to January 6, 2012, because those claims are part of the bankruptcy estate. *Omotosho*, 2016 WL 1072208, at *3. None of the plaintiff's pending claims was listed as an asset in his bankruptcy proceeding. Voluntary Petition at 6–11, *In re Kurismky*, No. 12-50025 (Bankruptcy D. Conn. Jan. 6, 2012). Thus, I address seriatim each of the ten counts asserted by the plaintiff to determine whether they accrued prior to January 6, 2012.

## A. Count I: " Deprivation of Rights Under Color of Law Pursuant to 42 U.S.C. § 1983"

In Count I, the plaintiff alleges that the defendants' foreclosure action has deprived the plaintiff of his "bundle of rights":

The Rights Plaintiff claims he is being deprived under Color of Law include, but are not limited to, the 'Bundle of Rights' for the property Defendant(s), and each of them, have unjustly foreclosed upon.

(ECF No. 32 at ¶ 81.) Mr. Kurimsky alleges that CitiMortgage and Hunt Leibert & Jacobson used counterfeit security instruments to initiate the foreclosure action. (ECF No. 32 at ¶ 43.) He alleges that his "contract was bifurcated at the closing of the Mortgage . . ." and that CitiMortgage stamped "Pay to the Order Of" on the plaintiff's promissory note. (ECF No. 32 at ¶¶ 15, 18.) While the plaintiff's allegations are admittedly unclear, the alleged misconduct took place when the plaintiff purchased his home and when CitiMortgage sought to foreclose in 2009. After CitiMortgage brought a foreclosure action in 2009, the plaintiff did not file for bankruptcy until 2012. During the three years of litigation leading up to the plaintiff's bankruptcy filing, the plaintiff would have

6

suffered the actionable harm giving rise to Count I before he filed for bankruptcy. *Calabrese*, 170

F. Supp. 2d at 257. Therefore, the plaintiff lacks standing to assert Count I because it belongs to

the bankruptcy estate.

Even if the plaintiff had standing to assert this claim, he has failed to state a claim because

he has not alleged that the defendant acted under color of law. 42 U.S.C. § 1983 ("Every person

who, under color of any statute, ordinance, regulation, custom, or usage . . . ."). The defendants

are private entities and the plaintiff has alleged no facts to suggest that those entities were clothed

with the power of the state when they committed the acts about which the plaintiff complains.

### B.  Count II: " Conspiracy to Commit Fraud and Intentional Interference of Person Pursuant to 42 U.S.C. §§ 1983 & 1985"

In Count II, the plaintiff alleges that the defendants conspired "to defraud Plaintiff of his

property Rights through, material alteration of his security instruments, obstruction of justice in

their omission or concealment of material facts pertaining to his Mortgage Agreement and

Promissory Note." (ECF No. 32 at ¶ 83.) Just as in Count I, the plaintiff would have suffered an

actionable harm, if any, during the three years of litigation prior to the plaintiff's bankruptcy filing

in 2012. Therefore, the plaintiff lacks standing to assert Count II because it belongs to the

bankruptcy estate.

### C.  Count III: " Lack of Standing/Wrongful Foreclosure and Fraudulent Conversion of Plaintiff s Chattel Paper"

In Count III, the plaintiff argues that the defendants "did not have Standing to invoke the

State Superior Court's jurisdiction to foreclose upon Plaintiff's property interests, and the

foreclosure judgment rendered by said Court is void as a matter of law." (ECF No. 32 at ¶ 94.)

This argument centers upon events that took place prior to the plaintiff's bankruptcy filing. The

plaintiff would have suffered the harm that he alleges occurred in Count III when the defendants

brought the foreclosure action in 2009. As Count III accrued prior to the plaintiff's bankruptcy filing, it belongs to the bankruptcy estate.

## D. Count IV: " Fraudulent Concealment"

In Count IV, the plaintiff alleges that the defendants concealed from him that his mortgage would be used as part of a mortgage-backed security. (*See* ECF No. 32 at ¶¶ 96–99.) This claim accrued prior to the plaintiff's bankruptcy filing because the plaintiff would have discovered, or should have discovered "through the exercise of reasonable care, that he . . . [was] injured and that the defendant's conduct caused such injury" under a fraudulent concealment theory during the three years of litigation after the defendants filed a foreclosure action in state court in 2009 and the plaintiff's bankruptcy filing in 2012. *Champagne v. Raybestos-Manhattan, Inc.*, 212 Conn. 509, 521 (1989). Thus, Count IV belongs to the bankruptcy estate.

## E. Count V: " Fraud in the Inducement"

The plaintiff alleges in Count V that the defendants fraudulently induced the plaintiff into entering into a mortgage agreement. (*See* ECF No. 32 at ¶¶ 104–12.) As with the previous counts, the plaintiff should have discovered an injury under a fraudulent inducement theory during the three years of litigation in the foreclosure proceeding that preceded his bankruptcy filing in 2012. Count V belongs to the bankruptcy estate.

## F. Count VI: " Fraud Upon the Court"

In Count VI, the plaintiff claims that CitiMortgage and Hunt Leibert & Jacobson committed fraud upon the Connecticut Superior Court. He alleges that CitiMortgage and Hunt Leibert & Jacobson "knew, or should have reasonably known, that the documents and claims they purportedly made in the foreclosure action against Plaintiff in the Bridgeport Superior Court was fraud [sic.] because the Mortgage and Note [were] bifurcated at [their] source and the Agreement

8

was void, yet they persisted in pursuit of those fraudulent claims to obtain a foreclosure judgment to the detriment of Plaintiff's property interest." (ECF No. 32 at ¶ 114.) He asks this Court to vacate or set aside the foreclosure judgment entered in state court. (*Id.* at ¶ 115.) The plaintiff's claim accrued prior to the plaintiff's bankruptcy filing because the plaintiff should have discovered "through the exercise of reasonable care, that he . . . [was] injured and that the defendant's conduct caused such injury" when the foreclosure judgment was entered prior to the plaintiff's bankruptcy filing. (The original judgment of strict foreclosure entered on September 6, 2011.) Indeed, the bankruptcy proceeding itself seems to have been brought about because of the foreclosure judgment. The plaintiff lacks standing to pursue Count VI because it belongs to the bankruptcy estate.

**G.     Counts VII and VIII: "Mail Fraud" and "Refusal or Neglect to Prevent the Deprivation of Plaintiff's Constitutionally Protected Rights"**

The plaintiff alleges in Count VII that the defendants have committed mail fraud. (ECF No. 32 at ¶¶ 116–17.) Mail fraud is a crime. 18 U.S.C. § 1341. In Count VIII, the plaintiff asserts that the defendants have acted criminally in violation of 18 U.S.C. §§ 241, 242, which prohibit efforts to deprive persons of their civil rights. (ECF No. 32 at ¶ 125.) The plaintiff did not list these claims, which he should have discovered prior to filing for bankruptcy, as assets in his bankruptcy schedule of assets. Therefore, the plaintiff lacks standing to assert Counts VII and VIII.

Even if the plaintiff had standing, he has not stated a claim because there is no private right of action under 18 U.S.C. §§ 241, 242, or 1341. *Official Publications, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989); *Hill v. DiDio*, 191 F. App'x 13, 14 (2d Cir. 2006).

**H.     Count IX: "Abuse of Process"**

In Count IX, the plaintiff alleges that the defendants committed the tort of abuse of process by initiating the foreclosure action. (ECF No. 32 at ¶¶ 126–28.) "Under Connecticut law, '[a]n

9

action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed.'" *Chien v. Commonwealth Biotechnologies, Inc.*, No. 3:12-CV-1378 AWT, 2013 WL 4482750, at \*6 (D. Conn. Aug. 21, 2013) (quoting *Mozzochi v. Beck*, 204 Conn. 490, 494 (1987)). Accordingly, this tort would have accrued before the first foreclosure judgment was entered and thus before the plaintiff's bankruptcy filing in 2012. This claim, therefore, belongs to the bankruptcy estate.

## L. Count X: "Obstruction of Justice and Denial of Due Process"

Finally, in Count X the plaintiff alleges, as in Count VIII, that the defendants have committed crimes under 18 U.S.C. §§ 241 & 242. Just as the plaintiff lacks standing to challenge violations of these statutes in Count VIII, he also lacks standing to prosecute claims under the criminal statutes in Count X because those claims belong to the bankruptcy estate. As above, even if the plaintiff did have standing, he has failed to state a claim because there is no private right of action under these criminal statutes. *Hill*, 191 F. App'x at 14.

## IV. Conclusion

The plaintiff does not have standing to assert any of the claims in this case. "Federal courts have limited subject matter jurisdiction and may not entertain matters when they do not have jurisdiction." *Santos-Buch v. Financial Indus. Reg. Auth., Inc.*, 32 F. Supp. 3d 475, 480 (S.D.N.Y. 2014). As the plaintiff has not met his burden of showing that this Court has jurisdiction, I do not entertain the merits of his claims or the other grounds for dismissal urged by the defendants.

Accordingly, the Court GRANTS CitiMortgage, Inc.'s Motion to Dismiss (ECF No. 35), Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (ECF No. 37), and Hunt Leibert & Jacobson, P.C.'s Motion to Dismiss (ECF No. 40). The Court DENIES as moot

10

CitiMortgage Inc.'s Motion to Strike (ECF No. 44). The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut
May 12, 2016

11