**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE:<br><br>GARY F. KURIMSKY,<br>    Debtor.<br><br>GARY F. KURIMSKY,<br>    Plaintiff,<br><br>v.<br><br>RESI WHOLE LOAN IV, LLC,<br>AVAIL-1, LLC, AND INVESCO<br>MORTGAGE RECOVERY MASTER<br>ASSOCIATES LLC,<br>    Defendants. | CASE NO.    21-50021<br><br>CHAPTER    7<br><br><br><br>ADV. PRO. NO.  21-5001<br><br><br><br>RE: ECF NO.    62 |

**APPEARANCES**

Gary F. Kurimsky                                                   *Pro se Plaintiff*
268 Hammertown Road
Monroe, Connecticut 06468-1335

Linda St. Pierre, Esq.                                             *Attorney for the Defendant*
McCalla Raymer Leibert Pierce, LLC                                 *Avail-1, LLC*
50 Weston Street
Hartford, Connecticut 06120

**MEMORANDUM OF DECISION AND ORDER GRANTING MOTION TO DISMISS**

Julie A. Manning, Chief United States Bankruptcy Judge

**I.  INTRODUCTION**

Gary F. Kurimsky (the "Plaintiff"), proceeding *pro se*, commenced this adversary proceeding by filing a complaint on January 15, 2021, which was amended on March 25, 2021 (the "Amended Complaint"). The Amended Complaint names Resi Whole Loan IV, LLC

("Resi") and Avail-1, LLC ("Avail-1, LLC") as defendants[1] and seeks relief on two-counts. Count I alleges the defendants engaged in unfair business practices in violation of the Connecticut Unfair Insurance Practice Act (CUIPA), section 38(a)-816, and 11(a)(iv) which resulted in the tortious conveyance of the Plaintiff's rights in the real property located at 268 Hammertown Road, Monroe, Connecticut (the "Property"). Count II alleges the defendants engaged in misrepresentation, misconduct and fraud "pursuant to all applicable law" [sic] in connection with the Property.

On July 27, 2021, Avail-1, LLC filed a Motion to Dismiss Adversary Proceeding (the "Motion to Dismiss," ECF No. 62) pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The Motion to Dismiss asserts that the Court lacks jurisdiction over the Plaintiff's claims by application of the doctrines of res judicata, collateral estoppel, and *Rooker-Feldman* in connection with a Judgment of Strict Foreclosure entered against the Plaintiff in the Connecticut Superior Court. *See CitiMortgage Inc. v. Paulette Kurimsky, et al.*, Docket No. FBT-CV09-6003098-S (the "State Court Action"). Additionally, the Motion to Dismiss asserts the Amended Complaint fails to state a claim upon which relief can be granted because the Plaintiff lacks standing to pursue the claims. The deadline for the Plaintiff to file a response to the Motion to Dismiss was August 17, 2021. No response was filed by the Plaintiff on or before the deadline.

After careful consideration of the Motion to Dismiss, and for the reasons that follow, the Motion to Dismiss is granted.

---

[1] On May 7, 2021, the Court entered an Order Granting the Amended Motion to Intervene for a Limited Purpose pursuant to Fed. R. Civ. P. 24 of Invesco Mortgage Master Associates, LLC ("Invesco").

## II.  JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant proceeding pursuant to 28 U.S.C. § 1334(b).  The Bankruptcy Court derives its authority to hear and determine this matter pursuant to 28 U.S.C. §§ 157(a) and (b)(1) and the District Court's General Order of Reference dated September 21, 1984.  This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A).

## III.  BACKGROUND

For purposes of the Motion to Dismiss, the Court accepts all the facts alleged in the Amended Complaint as true.  The following facts are set forth in the Motion to Dismiss, and the Court takes judicial notice of those facts:[2]

1.  On August 28, 2007, the Plaintiff executed a promissory note (the "Note") in favor of CitiMortgage, Inc. in the original principal amount of $650,000.00.  The Note was secured by a mortgage recorded against the Property (the "Mortgage").

2.  On June 2, 2009, CitiMortgage, Inc. commenced the State Court Action against the Plaintiff and his wife in the Connecticut Superior Court to, among other things, foreclose the Mortgage.  *See CitiMortgage Inc. v. Paulette Kurimsky, et al.*, Docket No. FBT-CV09-6003098-S.

---

[2] A court can take judicial notice of documents and pleadings filed in judicial proceedings when ruling on a motion to dismiss. *See In re Allou Distributors*, 387 B.R. 365, 384 (Bankr. E.D.N.Y. 2008) (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).  "Judicial notice of public records is appropriate—and does not convert a motion to dismiss into a motion for summary judgment—because the facts noticed are not subject to reasonable dispute and are capable of being verified by sources whose accuracy cannot be reasonably questioned." *See Bentley v. Dennison*, 852 F. Supp. 2d 379, 382, at n. 5 (S.D.N.Y. 2012), *aff'd sub nom. Betances v. Fischer*, 519 F. App'x 39 (2d Cir. 2013) (citing Federal Rule of Evidence 201(b)).

3. On September 6, 2011, a judgment of strict foreclosure entered in the State Court Action setting a law day of January 10, 2012 (the "Judgment"). The Judgment found that (i) CitiMortgage, Inc. was the holder and owner of the Note; (ii) the Debtor was in default of the terms of the Note; (iii) the fair market value of the Property was $552,000.00; and (iv) the debt owed to CitiMortgage, Inc. was $808,790.87.[3]

4. On June 5, 2015, the Plaintiff commenced a civil action in the United States District Court for the District of Connecticut against, among others, CitiMortgage, Inc., Resi, and Greenwich Investors XLIII Trust 2013-1,[4] seeking injunctive relief for denial of rights under color of law for violations of 42 U.S.C. §§ 1983, 1985, and 1986, as well as for violations of the criminal code pursuant to 18 U.S.C. §§ 241 and 242. *See Gary Kurimsky v. CitiMortgage, Inc., et al.*, 15-CV-00866-MPS. The nine-count Complaint alleged, among other things, that the defendants violated the Plaintiff's constitutionally protected right to property by "bifurcating" the Note and Mortgage and fraudulently converted the Property by foreclosing on the Note, and not the Mortgage, which the Plaintiff asserted they lacked the right to do, thereby rendering the Mortgage unenforceable. The District Court dismissed the Plaintiff's case on May 16, 2016, holding that "[b]ecause Mr. Kurimsky abandoned his claims to his bankruptcy estate, he lacks standing to bring this suit and [the Court] therefore lack[s] jurisdiction." *See* Ruling and Order at 1, *Gary Kurimsky v. CitiMortgage, Inc., et al.*, 15-CV-00866-MPS (ECF No. 51, May 12, 2016).

---

[3] The Superior Court has subsequently increased both the fair market value of the Property and debt owed on the Note several times when the Judgement has been reopened to reset the law days, but each time the amount of the debt has been found to be in excess of the value of the Property.

[4] Collectively, Avail-1, LLC's predecessors-in-interest.

5. On May 30, 2017, an order entered in the State Court Action granting a motion to substitute Avail-1, LLC for Greenwich Investors as the successor in interest to CitiMortgage, Inc.

6. On September 14, 2017, the Plaintiff filed a second appeal of the Judgment in the Connecticut Appellate Court. On November 6, 2018, the Appellate Court affirmed the Judgment and remanded the matter for the purpose of setting a new law day. On March 19, 2019, the Superior Court set a new law day of May 21, 2019.

7. On May 20, 2019, the Plaintiff's wife filed a Chapter 7 petition. On September 13, 2019, Avail-1, LLC's Motion for Relief from Stay was granted under section 362(d)(1), which annulled the stay to May 20, 2019, the date of the filing of the petition.

8. After the entry of the Order Granting Relief from Stay, title vested with Avail-1, LLC.

9. On September 16, 2019, the Plaintiff's wife's bankruptcy case was dismissed for failure to pay the filing fee.

10. On April 10, 2020, the Governor of the State of Connecticut issued Executive Order No. 7X, which suspended evictions in the State of Connecticut. Subsequent Executive Orders by the Governor of the State of Connecticut further extended the moratorium on evictions. On September 4, 2020, the Centers for Disease Control and Prevention issued an agency order pursuant to 42 U.S.C. § 264 and 42 C.F.R. § 70.2, TEMPORARY HALT IN RESIDENTIAL EVICTIONS TO PREVENT THE FURTHER SPREAD OF COVID-19, 85 Fed. Reg. 55292 (Sept. 4, 2020) (the "CDC Order"). The CDC Order barred the eviction of persons covered by the CDC Order through December 31, 2020.

11.     On October 2, 2020, the Superior Court entered an order staying the Summary Process Execution for Possession (Eviction) against the Plaintiff, Plaintiff's wife, and the Plaintiff's son through December 31, 2020, after rejecting the Plaintiff's argument that the CDC Order applied to him and his family.

12.     On January 5, 2021, after the stay of execution had expired, Avail-1, LLC filed a Summary Process Execution for Possession (Eviction). On January 14, 2021, the Plaintiff filed his Chapter 7 case (Case No. 21-50021), and then commenced this adversary proceeding.

## IV.  DISCUSSION

### A. Standards Governing the Motion

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding through Federal Rule of Bankruptcy Procedure 7012(b), challenges the court's subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); Fed. R. Bankr. P. 7012(b). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). When resolving a motion to dismiss for lack of subject matter jurisdiction, the court "may refer to evidence outside the pleadings." *See id.*; *see also Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (explaining that when "subject matter jurisdiction is challenged under Rule 12(b)(1), evidentiary matter may be presented by affidavit or otherwise."). In addition, the court may also consider "matters of which judicial notice may be taken" when reviewing a motion to dismiss under Rule 12(b)(1). *Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 272-73 (S.D.N.Y. 2018) (citation omitted) ("An argument that the court does not have subject matter jurisdiction pursuant to the Rooker-Feldman doctrine is properly considered under Rule 12(b)(1)."). "A

plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d. at 113 (citing *Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir.1996)).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding through Bankruptcy Rule 7012(b), asserts that a plaintiff has failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a pleading must contain a short, plain statement of the claim showing the pleader is entitled to relief, *see* Fed. R. Civ. P. 8(a)(2), and a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007)). A pleading cannot merely recite the elements of a cause of action or "tender[] naked assertion[s] devoid of further factual enhancement." *Id.*

In *Iqbal*, the United States Supreme Court provided a two-step analysis to evaluate the sufficiency of a complaint in the context of a Rule 12(b)(6) motion to dismiss. First, all allegations in the complaint, except legal conclusions or "naked assertions," must be accepted as true; second, the complaint must state a plausible claim for relief. *Id.* at 678-79. A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

When, as here, the complaint is filed by a *pro se* plaintiff, the complaint must be construed liberally when examined for plausible factual allegations. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). When reviewing the sufficiency of a *pro se* complaint, the court should interpret the complaint "to raise the 'strongest [claims] that [it] suggest[s].'" *Id.* (quoting

*Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 475, 474 (2d Cir. 2006)). Although *pro se* complaints are read liberally, "a *pro se* complaint must still 'plead sufficient facts to state a claim to relief that is plausible on its face.'" *Wilder v. United States Dep't of Veterans Affs.*, 175 F. Supp. 3d 82, 87 (S.D.N.Y. 2016) (quoting *Mancuso v. Hynes*, 379 Fed. Appx. 60, 61 (2d Cir. 2010) (internal quotation marks omitted).

### B. Dismissal under Rule 12(b)(1)

Avail-1, LLC first asserts that pursuant to Rule 12(b)(1), the Court lacks subject matter jurisdiction over the allegations in the Amended Complaint because application of the doctrines of res judicata, collateral estoppel, and *Rooker-Feldman* deprives the Court of jurisdiction. "Under the doctrine of res judicata*,* or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." *United States v. Mendoza*, 464 U.S. 154, 158 (1984); *see also Ball v. A.O. Smith Corp.*, 451 F.3d 66 (2d Cir. 2006).

The Plaintiff alleges the defendants engaged in unfair business practices that tortiously conveyed the Property and engaged in misrepresentation, misconduct and fraud "pursuant to all applicable law" [sic] in connection with the assignment of the Note and the Mortgage. However, the Judgment establishes (i) Avail-1, LLC owns the secured debt, (ii) the Plaintiff defaulted on the Note, and (iii) any conditions precedent to foreclosure established by the Note or Mortgage are satisfied. *See Bank of New York Mellon v. Bell*, No. 3:11-CV-1255 JAM, 2014 WL 7270232,

at *3 (D. Conn. Dec. 18, 2014), *aff'd sub nom. Bank of New York Mellon as Tr. for BS ALT A 2005-9 v. Bell*, 745 F. App'x 427 (2d Cir. 2018) (citing *Wells Fargo Bank, N.A. v. Strong*, 149 Conn. App. 384, 392, 89 A.2d 392, *cert. denied*, 94 A.3d 1202 (2014)).  As such, the Connecticut Superior Court actually and necessarily decided that Avail-1, LLC owns the secured debt.  The Connecticut Appellate Court affirmed the Judgment, which became a final state court judgment binding on this Court by operation of the Full Faith and Credit Clause, U.S. Const. art. IV, §1, and which this Court may not disturb under the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine "jurisdictionally bars federal courts from hearing 'cases that function as *de facto* appeals of state court judgments.'"  *In re Caires*, 624 B.R. 322, 328 (D. Conn. 2021) (citations omitted) (affirming the bankruptcy court's application of *Rooker-Feldman* in granting a foreclosing creditor's motion for relief from stay over the objection of a debtor asserting that the creditor had filed a false or fraudulent proof of claim).  Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to review state court decisions." *Gentner v. Shulman*, 55 F.3d 87, 89 (2d Cir. 1995).  When a party's claims before the federal court were raised in the state court proceedings, the doctrine deprives the federal court of jurisdiction over those claims.  *See Phifer v. City of New York*, 289 F.3d 49, 55-56 (2d Cir. 2002).  The *Rooker-Feldman* doctrine does not permit this Court to disturb or disregard the Judgment, and the Debtor's attempts to have it do so are an improper use of the Bankruptcy Court.  *See In re Moise*, 575 B.R. 191, 201 (Bankr. E.D.N.Y. 2017).  Accordingly, the Court lacks subject matter jurisdiction over the two counts of the Plaintiff's Amended Complaint.

C. **Dismissal under Rule 12(b)(6)**

Although all the allegations contained in the Amended Complaint must be accepted as

true, the Motion to Dismiss should also be granted pursuant to Rule 12(b)(6) based on the application of the doctrines of res judicata, collateral estoppel, and *Rooker-Feldman*.

"Generally res judicata is an affirmative defense to be pleaded in the defendant's answer." *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir.1992) (citing Fed. R. Civ. P. 8(c)); *In re Arcapita Bank B.S.C.(c),* 520 B.R. 15, 22 (Bankr. S.D.N.Y. 2014) ("*Arcapita*"); *In re AMR Corp.*, 491 B.R. 372, 376 (Bankr. S.D.N.Y. 2013). "However, when all relevant facts are shown by the court's own records, of which the court takes notice, the defense may be upheld on a Rule 12(b)(6) motion without requiring an answer." *Moscow*, 955 F.2d at 811 (citation omitted); *Arcapita*, 520 B.R. at 22; *In re AMR Corp.*, 491 B.R. at 376. "Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate when 'it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" *Conopco, Inc. v. Roll Intern.*, 231 F.3d 82, 86 (2d Cir. 2000).

As discussed *infra*, the Plaintiff's claims are barred by the Judgment , which actually and necessarily decided that (i) the Plaintiff defaulted on the Note, (ii) Avail-1, LLC owns the secured debt, and (iii) any conditions precedent to foreclosure established by the Note or Mortgage are satisfied. Both counts of the Amended Complaint seeks to collaterally attack the Judgment by alleging that the defendants, including Avail-1, LLC, do not own the secured debt. It does so by alleging that the defendants improperly assigned the Note and Mortgage by tortiously conveying the Property or engaging in fraud.[5] Because the Judgment determined that Avail-1, LLC actually owns the secured debt, the Plaintiff is estopped from alleging facts inconsistent with that decision. The Court owes the Judgment full faith and credit and cannot

---

[5] All other potentially cognizable claims are recitations of causes of action or naked assertions without further factual enhancement.

10

disturb the Judgment based on application of the *Rooker-Feldman* doctrine. Accordingly, the Plaintiff has failed to state a claim upon which relief can be granted.

### D. Dismissal for Lack of Standing

Avail-1, LLC further asserts that the Plaintiff lacks standing to bring his claims because he seeks to relitigate issues raised in the action he commenced in the United States District Court for the District of Connecticut (the "District Court"). In that case, the District Court held the Plaintiff abandoned his claims to the bankruptcy estate by filing a Chapter 7 case, Case No. 15-50455. *See* Ruling and Order at 1, *Gary Kurimsky v. CitiMortgage, Inc., et al.*, 15-CV-00866-MPS (ECF No. 51, May 12, 2016).

Res judicata and collateral estoppel apply to the District Court ruling. "Generally, for *res judicata* to apply, four elements must be met: (1) the judgment must have been rendered on the merits by a court of competent jurisdiction; (2) the parties to the prior and subsequent actions must be the same or in privity; (3) there must have been an adequate opportunity to litigate the matter fully; and (4) the same underlying claim must be at issue." *In re Caires*, 624 B.R. at 329. To be subject to collateral estoppel, an issue must have been (1) "fully and fairly litigated," (2) "actually decided," (3) "necessary to the judgment" in the first action, and (4) "identical" to the issue to be decided in the second action. *See Faraday*, 596 F. Supp. 2d 508, 515 (D. Conn. 2009).

For res judicata and collateral estoppel to apply in this adversary proceeding, the only issue to decide is whether the District Court's prior ruling involves the same underlying claim and is identical to the issue to be decided here. Both the District Court case and this adversary proceeding attack a judgment in favor of the same parties or their assignees. The District Court rendered judgment on the merits, *see* Fed. R. Civ. P. 41(b), and actually and necessarily decided

that "[b]ecause Mr. Kurimsky abandoned his claims to his bankruptcy estate, he lacks standing to bring this suit and [the Court] therefore lack[s] jurisdiction." *See* Ruling and Order at 1, *Gary Kurimsky v. CitiMortgage, Inc., et al.*, 15-CV-00866-MPS (ECF No. 51, May 12, 2016). The issue to be decided in the Motion to Dismiss is identical to the issue decided in the District Court case. Collateral estoppel therefore operates to bar the Plaintiff from asserting he has standing to raise the claims because the claims were property of the estate. Res judicata also applies because the Plaintiff raised or could have raised issues relating to the ownership or assignment of the Note and Mortgage in the State Court Action. The underlying claims in this adversary proceeding are substantively the same as those raised in the District Court case: claims alleging that the defendants, including Avail-1, LLC, do not own the Note and Mortgage because they improperly assigned it.

**V.      CONCLUSION**

For the reasons set forth above, it is hereby

**ORDERED:** Pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), as made applicable by Fed. R. Bankr. P. 7012, Avail-1, LLC's Motion to Dismiss is GRANTED; and it is further

**ORDERED:** At or before 5:00 p.m. on September 20, 2021, the Clerk's Office shall serve this Order on the Plaintiff at the address listed on the Amended Complaint.

Dated at Bridgeport, Connecticut this 20th day of September, 2021.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut